IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA,            ) | |
| ) | |
| Plaintiff,     ) | |
| ) | Cr. No. 17-3057 WJ |
| vs.                         ) | |
| ) | |
| **VERONICA RODRIGUEZ-ARMENDARIZ,**   ) | |
| ) | |
| Defendant.    ) | |

### UNITED STATES' BRIEF ON SAFETY VALVE ELIGIBILITY

The United States hereby offers its brief in support of its position that the defendant is not eligible for a safety valve reduction.    On December 18, 2018, the Court ordered the parties to prepare to argue whether the defendant is eligible for a safety valve reduction pursuant to U.S.S.G. § 5C1.2.[1]    Based on the evidence in the record, including the testimony of HSI Special Agent David Balderrama, the Court should conclude that the defendant is not eligible for a safety valve reduction.

### I.    ARGUMENT

A safety valve reduction permits the court to impose a two-level reduction to a defendant's offense level if the defendant meets five (5) criteria: "(1) the defendant does not have more than one criminal history point …; (2) the defendant did not use violence … or possess a firearm or other dangerous weapon …; (3) the offense did not result in death or serious

---

[1] To be clear, the United States will leave the matter of sentencing to the sound discretion of the Court.   The United States simply submits this brief in response to the Court's order directing the parties to argue whether a safety valve reduction should be applied in this case.   *See Order Regarding Argument on Safety Valve*, Doc. 74.

1

bodily injury …; (4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense …; and (5) … the defendant has truthfully provided to the government all information and evidence the defendant has concerning the offense …" 18 U.S.C. § 3553(f); U.S.S.G. § 5C1.1(a).  It is the position of the United States that the defendant does not qualify for a safety valve reduction because she possessed a firearm.

The defendant bases her argument in support of a reduction for safety valve on the Tenth Circuit's decision in *United States v. Zavalza-Rodriguez*, 379 F.3d 1182 (10th Cir. 2004).  In *Zavalza-Rodriguez*, the Tenth Circuit analyzed the interplay between U.S.S.G. § 2D1.1(b)(1) and 5C1.2(a)(2) with respect to "possession" of a firearm.  The Court held that the application of the specific offense characteristic of §2D1.1(b)(1) did not automatically preclude the application of §5C1.2.  The Court reasoned that a defendant may constructively possess a firearm for purposes of §2D1.1, but not actually possess the firearm "in connection with the offense."  *Id*. at 1186.  The facts of this case are inapposite.  Here, the defendant was in fact assessed an increase in her offense level for firearms pursuant to §2D1.1(b)(1).  *See* PSR Part A, ¶ 18.  However, the defendant's own conduct establishes the requisite "close connection linking the individual defendant, the weapon and the offense" which precludes eligibility for a safety valve reduction. *Zavalza-Rodriguez*, 379 F.3d 1182, 1187 (10th Cir. 2004).  Specifically, there was an AR-15 rifle openly exposed in the kitchen where the defendant was attempting to destroy evidence by washing cocaine down the kitchen sink.  In such a scenario, it is not inconceivable that a shooting between deputies and the defendant could have occurred.  Such a scenario fits squarely within §5C1.2's "connection with the offense" language and forecloses eligibility for a safety valve reduction.

If the United States shows that the weapon facilitates or has the potential to facilitate the offense, the enhancement is appropriate, but the enhancement is inapplicable if the weapon's possession is coincidental or entirely unrelated to the crime. *United States v. Walters*, 269 F.3d 1207, 1219 (10th Cir. 2001). Here, the AR-15 "had, at a minimum, the potential to facilitate the drug trafficking offense." *United States v. Bunner*, 134 F.3d 1000, 1006 (10th Cir. 1998). Here, the defendant had the **potential** to use the firearm against deputies as they entered to serve a lawful search warrant of the house. Accessible firearms at the house where illegal drugs are stored facilitate a drug trafficking crime by providing defense against anyone who may attempt to rob the trafficker of his drugs or drug profits. *See United States v. Ceballos-Torres*, 218 F.3d 409, 412 (5th Cir. 2000). By using the AR-15 to protect the cocaine at house, the defendants made the cocaine available for distribution on the day they were arrested. This is the link that establishes that the firearms facilitated the commission of the drug trafficking crimes with which the defendants stand convicted. The fact that the defendant herself was unarmed at the time of her actual arrest is of no moment.

The defendant alone bears the burden of establishing her eligibility for the safety valve reduction – a burden she has failed to satisfy. *United States v. Virgen-Chavarin*, 350 F.3d 1122, 1129 (10th Cir. 2003); *see also United States v. Gonzalez-Montoya*, 161 F.3d 643, 652 (10th Cir. 1988) ("The requirement of proving all five requirements by a preponderance of the evidence lies with the defendant"). The Court should therefore not assess a safety valve reduction.

## II.     CONCLUSION

The defendant is not eligible for a safety valve reduction.

Respectfully submitted,

JOHN C. ANDERSON
United States Attorney

*Electronically filed on December 19, 2018*

_____
Samuel A. Hurtado
Assistant United States Attorney
P.O. Box 607
Albuquerque, NM 87103
(505) 346-7274

## CERTIFICATE OF SERVICE

I hereby certify that on December 19, 2018, I filed the foregoing document electronically through the CM/ECF system. Pursuant to the CM/ECF Administrative Procedures Manual, §§ 1(a), 7(b)(2), such filing is the equivalent of service on parties of record.

_____/s/_____
Samuel A. Hurtado
Assistant United States Attorney